IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-19-475 |
| | * | |
| CHARLES KOPFSTEIN-PENK, | * | |
| | * | |
| Defendant. | * | |
| | * | |

*******

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorneys, hereby submits the Government's Memorandum in Aid of Sentencing of Charles Kopfstein-Penk, who is scheduled to be sentenced on November 20, 2020, at 9:30 a.m. For the reasons set forth below, the Government submits that a sentence of **78 months in prison, followed by 10 years of supervised release,** is a sentence sufficient but not greater than necessary to satisfy the goals of sentencing.

**I.    Background**

On October 10, 2019, the Defendant Charles Kopfstein-Penk ("Kopfstein-Penk") was indicted on one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Kopfstein-Penk had his initial appearance on October 10, 2019, and was arraigned on November 18, 2019. The Defendant has been on pre-trial release pending his sentencing.

Pursuant to a written plea agreement entered on February 10, 2020, the Defendant pled guilty to Count One of the Indictment. (ECF No. 29 ("Plea").) After accepting the Defendant's

plea to Count One and adjudging him guilty, the Court scheduled sentencing for July 15, 2020,[1] and directed the U.S. Probation Office ("Probation") to prepare the Pre-Sentence Investigation Report ("PSR"), which was filed on November 3, 2020. (ECF No. 46 ("PSR").)

In the plea agreement, the parties agreed that the base offense level was **18**. (Plea ¶¶ 6(a).) A **2**-level increase applied because the material in the Defendant's possession involved a prepubescent minor or a minor who has not attained the age of twelve years, and a **4**-level increase applied because the material involved portrayal of sadistic or masochistic conduct against children. (*Id.* ¶¶ 6(b)-(c).) Additionally, a **2**-level increase applied because a computer was used in the offense, and a **5**-level increase applied because the offense involved 600 or more images. (*Id.* ¶¶ 6(d)-(e).) The Government did not oppose a **2**-level reduction for acceptance of responsibility, and the Government agreed to move for an additional **1**-level reduction in recognition of the Defendant's timely notification of his intention to enter a plea of guilty. (*Id.* ¶ 6(f)). Accordingly, the final offense level is **28**. Probation's calculation of the offense level is in line with the plea agreement. (PSR ¶¶ 19-32.) The parties did not reach agreement as to the Defendant's criminal history. The Government agrees with Probation's calculation that the Defendant's criminal history score is **0** and criminal history category is therefore **I**. The parties agreed to jointly recommend to the Court a sentence in the range of 48 months to 78 months of imprisonment, which is less than the 78 months to 97 months prescribed by the United States Sentencing Guidelines ("Sentencing Guidelines").

---

[1] Due to COVID-19, the Government moved to have sentencing postponed and rescheduled. (ECF No. 39.) The Court rescheduled sentencing for September 11, 2020, at 9:30 a.m. (ECF No. 40.) Subsequently, the Defendant requested an additional continuance for sentencing due to his medical condition, and the Court rescheduled sentencing to the current date of November 20, 2020, at 9:30 a.m. (ECF No. 45.)

## II.     Legal Standard

In *United States v. Green,* 436 F.3d 449 (4th Cir. 2006), the Fourth Circuit held that after *United States v. Booker,* 543 U.S. 220 (2005), which made the Sentencing Guidelines effectively advisory, the district court is commanded to fulfill congressionally established objectives for sentencing set out in 18 U.S.C. § 3553(a): promoting respect for the law; providing just punishment for the offense; affording adequate deterrence; protecting the public from further criminal activity of the defendant; providing the defendant training, medical care, and correctional treatment; and providing restitution to victims. *See Green,* 436 F.3d at 455; *see also United States v. Moreland,* 437 F.3d 424, 432 (4th Cir. 2006).

Thus, in conducting a sentencing, district courts must (1) calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the statutory sentencing factors set out in 18 U.S.C. § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guideline range better serves the relevant statutory sentencing purposes. *See Green,* 436 F.3d at 455-56; *Moreland,* 437 F.3d at 432. The explanation of a variant sentence must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary. *See Green,* 436 F.3d at 455-56; *United States v. Perez-Pena,* 453 F.3d 236, 241 (4th Cir. 2006). The district court is given "some latitude," and "a degree of deference," to tailor a particular sentence to the circumstances. *Green,* 436 F.3d at 456-57; *Moreland,* 437 F.3d 433.

### III.     Relevant Sentencing Considerations Under 18 U.S.C. § 3553(a)

The nature and circumstances of the offense support a sentence at the top of the range. A sentence of 78 months is also at the low end of the Sentencing Guidelines and consistent with Probation's recommendation. (PSR at 16.) At various times on February 11, 2019, the Defendant's internet protocol (IP) address was observed downloading various child pornography from an online encrypted peer-to-peer network designed to allow users to anonymously share files. Law enforcement subsequently executed a search warrant at the Defendant's residence. During an interview, the Defendant admitted to possessing child pornography and stated that he had been collecting child pornography for over 20 years.[2] (ECF No. 29-1 ("SOF") at 1.)

A forensic analysis of the Defendant's computer and electronic storage media confirmed the Defendant's extensive possession of child pornography, as law enforcement recovered over 1,126,000 images of child pornography and over 6,800 videos of child pornography. (SOF at 2.) The Defendant employed various methods to obfuscate the nature of the child pornography materials, including storing the materials in innocuous folder names and using a separate operating system and location (partition or volume) on his computer to run the peer-to-peer network software. Some of these images depicted child victims under the age of 12 and some of the material involved the portrayal of sadistic or masochistic conduct against children. (*Id.*) The National Center for Missing and Exploited Children's analysis determined that the Defendant possessed 532 separate child pornography series—a collection of images and/or video files of a

---

[2] In an interview with law enforcement, the Defendant also admitted to previously engaging in contact offenses with minors. The first contact offense occurred approximately 30 years ago. The Defendant admitted to contact offenses with multiple different minors to whom he was providing music lessons. Additionally, the Defendant admitted to contact offenses with minors who he knew through acquaintances. The Defendant denied committing any sexual acts with any minors in the last 15 years.

4

specific child or children. The seriousness of the Defendant's conduct—as evidence by the length of the Defendant's involvement in child pornography possession and the extent of the material the Defendant possessed—advocate for a sentence at the top of the agreed upon range.[3] Such a sentence will ensure both specific and general deterrence, reflect the seriousness of the offense, and provide just punishment.

The Government's agreement to a sentencing range of 48 to 78 months—below the Sentencing Guidelines range—was based on the fact that the Defendant is 75 years old. As such, the Government submits that this characteristic of the Defendant standing alone does not necessitate a sentence at the middle or low-end of the agreed upon range when taking into account the seriousness of the Defendant's conduct. The fact that a pandemic has raged both outside and inside prison—where the Defendant has yet to set foot as he has been on pretrial release pending the conclusion of this case—does not provide an individualized basis to impose a sentence at the bottom of the agreed upon range for this Defendant—especially in light of the seriousness and extent of the Defendant's conduct and the other § 3553(a) factors discussed above.

Lastly, the Government acknowledges the Defendant's prompt acceptance of responsibility, and as discussed below, the Defendant's agreement to make restitution to the victims. Nonetheless, in order to ensure that the Defendant does not re-engage in a child pornography offense, and based on the

---

[3] The Government notes that the Defendant's arguments against the applicability and validity of the Sentencing Guidelines range ring hollow. As previously noted, the Defendant has been involved in the possession of child pornography for over 20 years. While the internet has made child pornography more easily available to those who seek it, the Defendant has engaged in the possession of child pornography since before the internet became the primary medium for obtaining such materials. In addition, the incredibly high number of images and videos in the Defendant's possession and the nature of these images (child victims under the age of 12 and material involving the portrayal of sadistic or masochistic conduct against children) demonstrate that the applicable enhancements are validly applied here. Accordingly, the Sentencing Guidelines range—based on the offense level as agreed upon by the parties and supported by Probation—is appropriately 78 to 97 months.

Defendant's lengthy history with child pornography and his diagnosis of having a pedophilic disorder, the Government recommends a 10 year term of supervised release consistent with Probation's recommendation.

## IV.     Forfeiture Judgment and Restitution

The Government asks the Court to incorporate the motion for forfeiture of property and preliminary order of forfeiture, filed on April 27, 2020, (ECF No. 38), into the sentencing proceeding. The Government also asks the Court to order restitution in the amount of $144,000.00. The Government received 31 restitution requests in this case for 35 victims. Counsel for the Government has contacted the attorneys representing the victims and all parties have agreed to the proposed restitution amount.

## V.     Conclusion

For the foregoing reasons, and additional information that may be presented at the sentencing hearing, the Government respectfully submits that a sentence of **78 months, followed by 10 years of supervised release**, is sufficient but not greater than necessary to meet the purposes of sentencing as enumerated in the § 3553(a) factors.

Respectfully submitted,

Robert K. Hur
United States Attorney

By:     /s/
Rajeev R. Raghavan
Timothy F. Hagan
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on November 6, 2020, and thus served upon defense counsel.

/s/
Rajeev R. Raghavan
Assistant United States Attorney