UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES KOPFSTEIN-PENK,<br><br>Defendant. | Criminal Action No. TDC-19-0475 |

## MEMORANDUM ORDER

Defendant Charles Kopfstein-Penk, a federal prisoner at the Federal Correctional Institution Loretto ("FCI-Loretto") in Loretto, Pennsylvania, has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 66. In his Motion, Kopfstein-Penk seeks release based on the COVID-19 pandemic, his age, and a medical condition which he argues has placed him at higher risk of severe illness from COVID-19.

On February 7, 2020, Kopfstein-Penk pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(5)(B) & (b)(2). On November 23, 2020, Kopfstein-Penk was sentenced to a term of imprisonment of 54 months, to be followed by five years of supervised release. Kopfstein-Penk began to serve his sentence on April 14, 2021. In light of credit for projected good time credits, Kopfstein-Penk is currently scheduled to be released on February 9, 2025.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a

modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > (i) extraordinary and compelling reasons warrant such a reduction;
> >
> > \* \* \*
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). According to Kopfstein-Penk, he made a request for compassionate release to the Warden of FCI-Loretto, and more than 30 days have elapsed since that filing, so he has exhausted administrative remedies.

I. **Extraordinary and Compelling Reasons**

Kopfstein-Penk, who is 76 years old, argues that the COVID-19 pandemic, his age, and his present medical conditions, specifically bronchial asthma and other pulmonary conditions, present "extraordinary and compelling reasons" warranting that he serve the remainder of his sentence in home detention, which effectively requires a sentence reduction to time served with home

2


detention as a condition of supervised release. 18 U.S.C. § 3582(c)(1)(A)(i). Generally, in the context of the COVID-19 pandemic, the Court has found that extraordinary and compelling reasons could exist when an inmate has a condition that places the inmate at high risk for severe illness from COVID-19, and the inmate is incarcerated within a prison in which there is imminent risk of contracting COVID-19. Kopfstein-Penk asserts that he has "asthma, chronic bronchitis, hyperinflated lungs, and pectus excavatum, among other medical issues." Mot. at 3, ECF No. 66. The United States Centers for Disease Control and Prevention ("CDC") has listed moderate to severe asthma, and chronic bronchitis, as well as age over 65, as conditions that can make an individual "more likely to get very sick with COVID-19." *See People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 22, 2022). However, even accepting that Kopfstein-Penk has conditions that place him at higher risk from COVID-19, the risk that he faces has been reduced significantly since the onset of the pandemic because of the availability of the COVID-19 vaccine. Kopfstein-Penk acknowledges that he has been vaccinated. At FCI-Loretto, which has a total inmate population at any one time of 771 inmates, 828 inmates and 183 staff have been fully vaccinated, and booster shots have been offered to inmates. COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 22, 2022). Accordingly, although FCI-Loretto previously had a significant number of cases of COVID-19, it presently has only nine active cases among inmates. *See id.* Under these circumstances, even considering Kopfstein-Penk's high-risk conditions, the Court does not find that the present impact of COVID-19 on Kopfstein-Penk establishes "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A)(i).

## II. 18 U.S.C. § 3553(a)

Even if the Court were to find extraordinary and compelling reasons, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Here, the nature and circumstances of this offense involved Kopfstein-Penk's possession of large quantities of child pornography, including images of sexual acts with children under 12 and sadistic or masochistic conduct. Presentence Investigation Report ("PSR") ¶¶ 7-13, ECF No. 46. Though Kopfstein-Penk had personal characteristics that were mitigating, including his age, health conditions, and lack of a criminal record, those factors formed the primary basis for a substantial downward variance from the sentencing guideline range of 78 to 97 months of imprisonment. Thus, the original sentence of 54 months was necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a). Where at this time, Kopfstein-Penk has served only approximately 10 months of his sentence, a sentence reduction to time served, even with home detention as a condition of supervised release, is not compatible with the § 3553(a) factors and the purposes of sentencing. So even if the requirement of extraordinary and compelling reasons were deemed to have been met, the Court would not grant the requested sentence reduction. The Motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Kopfstein-Penk's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 66, is DENIED.

Date: February 22, 2022

THEODORE D. CHUANG
United States District Judge